UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW R. DUPREE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 5:14-cv-03294-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 8, 31, 34, 38 |

Plaintiff Andrew R. Dupree ("Plaintiff") is a former employee of the Apple retail store located in Orlando, Florida. He filed the instant action directly in this court on July 22, 2014, against Defendant Apple Inc. ("Apple") alleging employment discrimination based on race and national origin. Presently before the court is Apple's Motion to Transfer this action to the United States District Court for the Middle District of Florida. See Docket Item No. 8. Plaintiff has filed written opposition to the motion. See Docket Item No. 14.[1]

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for March 19, 2015, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

　　1.　　Pursuant to 28 U.S.C. 1404(a), "a district court may transfer any civil action to any

---

[1] Apple moves to strike a collection of documents filed by Plaintiff on December 16, 2014 (Docket Item Nos. 23-28), after Apple filed the reply to Plaintiff's opposition. See Docket Item Nos. 31. Apple's motion is well-taken, because in this district "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Civ. L.R. 7-3(d). Since Plaintiff did not seek court approval in advance of filing, the Motion to Strike is GRANTED. The "Reply to Opposition" and its companion documents are STRICKEN.

1
Case No.: 5:14-cv-03294-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

2. To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)). If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

3. In addition to the convenience considerations enumerated by § 1404(a), the Ninth Circuit has identified other fairness factors that should be weighed by the court when considering a transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

4. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, No. 08-1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988)). A transfer may not be appropriate under § 1404(a) if it "would merely shift rather than eliminate the inconvenience." Decker Coal

Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate.  See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)), opinion modified, 828 F.2d 1445 (9th Cir. 1987).

5. As to whether this action could have been brought in the Middle District of Florida, Apple has demonstrated based primarily on Plaintiff's allegations that most if not all of the critical events giving rise to Plaintiff's claims occurred in or around the Orlando Apple store.  Apple also concedes that it conducts business in Florida and has significant contacts with that state.  Plaintiff does not argue otherwise, and actually admits that his claims stem from conduct which occurred in Florida.  Thus, the court finds that Defendant has met its burden on this level of the analysis.  See 28 U.S.C. §§ 1391(b)(1), (2), (c)(2) (designating that a civil action may be brought in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," and specifying that, for venue purposes, a corporation shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction.").

6. On the issue of convenience, Plaintiff contends that a California forum has become more convenient for him because he is in the process of moving to this state from Florida, albeit to Southern California.  He provides similar information for certain third-party witnesses.  At the same time, Apple has convincingly shown that this forum is no more convenient for it than Florida, nor is it convenient for the Apple management employees who witnessed or participated in the alleged discriminatory practices at the Orlando Apple store.  All of those individuals, whose testimony is highly relevant to Plaintiff's claims, reside in Florida.  Further, it is worth noting that three of the four third-party witnesses identified by Plaintiff state in their supporting declarations that they plan to travel between California and Florida "frequently," and will voluntarily be available "for any testimony or court appearance."  See Docket Item Nos. 16, 17, 19.  For that reason, traveling to Florida does not appear to be much of a burden for those witnesses if they have since moved to California.

3
Case No.: 5:14-cv-03294-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Although maintaining venue would be marginally more convenient for Plaintiff, it is considerably inconvenient for Apple's employee witnesses who reside in Florida. This factor, arguably the most important of them all, weighs strongly in favor of the transfer. See Amini Innovation Corp. v. JS Imps., Inc., 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007) ("The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate.").

7.   As to the factors outlined in Jones, Plaintiffs' choice of this district favors maintaining the case here. But while this factor can sometimes be a weighty one under other circumstances, it is afforded less deference when the action is brought in a district in which the operative facts did not occur and in which the Plaintiff does not reside (and has not moved into). See Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F. Supp. 2d 1183, 1191 (S.D. Cal. 2007) ("However, '[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter,' the plaintiff's choice receives 'minimal consideration.'" (quoting Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987)). Plaintiff's argument on this topic is unpersuasive.

8.   One factor appears to undoubtedly weigh against the transfer. Although not directly addressed in the opposition, keeping the case in this district would be the less costly alternative for Plaintiff if he now resides in Southern California. For Apple, the cost of litigation between California and Florida has little significance since it should be prepared to litigate in either state.

9.   Other factors are neutral or inapplicable. The first factor relating to the negotiation or execution of contracts is irrelevant since it is not alleged that Plaintiff's employment at Apple was subject to a contract. The second factor is also neutral, since district courts in California and Florida are equally capable of applying federal laws prohibiting employment discrimination.

10.   But the remaining factors weigh heavily in favor of the transfer. The fourth and fifth factors are particularly relevant here because, aside from a recent move, Plaintiff has little connection with California even if Apple has a strong one due to its corporate presence, and it is

4
Case No.: 5:14-cv-03294-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

undisputed that California has no meaningful connection to Plaintiff's claims since all of the relevant conduct occurred in Florida.  The seventh and eighth factors also tip the balance toward Florida since, as noted, the non-party witnesses identified by Plaintiff are willing to voluntarily attend court-related proceedings, leaving only witnesses in Florida who may need to be compelled.  In addition, aside from electronically-stored documentary evidence that is equally accessible in both forums, most if not all of the other relevant sources of evidence and proof are in Florida, not California.

On balance, the convenience and fairness considerations applicable to an analysis under § 1404(a) weigh in favor of transferring this action to Florida.  Accordingly, Apple's Motion to Transfer is GRANTED.  The Clerk shall TRANSFER this case to the United States District Court for the Middle District of Florida and close this court's file.  All matters calendared before the undersigned are VACATED.

Plaintiff's unopposed motions for leave to amend the Complaint (Docket Item Nos. 34, 38) are GRANTED.  Plaintiff shall file the amended complaint in the United States District Court for the Middle District of Florida on or before **March 20, 2015.**

**IT IS SO ORDERED.**

Dated:  March 11, 2015



EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:14-cv-03294-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER